QUESTION: May the City Commission of the City of Moore Haven amend a provision of the city charter relating to nomination and election to municipal office by adding a provision thereto which would require each candidate to pay a $25 filing fee without an approving referendum?
SUMMARY: In the absence of an approving referendum, the City Commission of the City of Moore Haven may not amend a provision of the city charter relating to nomination and election to municipal office by adding a provision thereto which would require each candidate to pay a $25 filing fee. Section 155 of the Charter of the City of Moore Haven, Ch. 10923, 1925, Laws of Florida, as amended by s. 2, Ch. 61-2515, Laws of Florida, provides as follows: The candidates who shall be nominated by a citizens meeting which has been publicly advertised for at least one week prior to said meeting, or whose name is presented by petition signed by ten or more qualified electors of the City of Moore Haven, and presented to the City Clerk at least seven days prior to the date of the election shall be placed upon the ballot at the next regular municipal election. Provided, that any person whose name has been submitted for candidacy by any such nomination by mass meeting or by petition shall file his acceptance of such candidacy, together with his affidavit to the effect that he is qualified to vote at the next regular municipal election, with the City Clerk not later than five days previous to such election; otherwise his name shall not appear upon the ballot. The candidates at the regular municipal election not exceeding the number of places to be filled, who shall receive the greatest number of votes at such regular municipal election, shall be declared elected. A tie between two or more candidates for City Commissioner shall be decided by lot, to be conducted by the City Clerk. You wish to know whether the city commission, without approving referendum, may amend the above-quoted charter provision so as to require a candidate for election to municipal office to pay a $25 filing fee in order to defray the cost of conducting the elections. As I recently noted with respect to a related question in AGO 075- 158: Section 166.021(1), F.S., of the Municipal Home Rule Powers Act, provides that municipalities "may exercise any power for municipal purposes, except when expressly prohibited by law." In order to implement this broad grant of home rule power to municipalities, s. 166.021(4) and (5), id., modified and repealed, or converted into ordinances, many provisions of municipal charters which constituted limitations on, or pertained exclusively to, the power or jurisdiction of municipalities. However, s. 166.021(4) states that nothing in Ch. 166, id., is to be construed as permitting any changes in a special law or municipal charter which affect certain subject matters enumerated therein, including "the terms of elected officers and the manner of their election," (Emphasis supplied.) without referendum approval as provided in s. 166.031. Since none of the other subject matters enumerated in s. 166.021(4), F.S., appear to relate to the charter provision to which you refer, I am of the opinion that the answer to your inquiry will be determined by a construction of the phrase "the manner of their election" (italicized supra). The word "manner" is defined in Black's Law Dictionary (Rev. 4th Ed.) at p. 1115 as: "A way, mode, method of doing anything, or mode of proceeding in any case or situation." The definition in Webster's Third New International Dictionary (unabridged) includes "the mode or method in which something is done or happens" and "a mode of procedure or way of acting. . . ." Cf. Dade County v. Young Democratic Club of Dade County,104 So.2d 636 (Fla. 1958), in which the court commented as follows respecting the similar phrase "method of election": "`Method' has to do with the way or means of doing a thing. It is often referred to as the mode, plan, design or manner in which a project is executed." (Emphasis supplied.) From the foregoing it is clear that manner refers to the procedure by which something is accomplished and, thus, the phrase the manner of their election includes all aspects of the procedure by which the municipal officers are elected. The previously quoted charter provision establishes, inter alia, the procedure by which a candidate for election to municipal office may have his name printed on the ballot, and the proposed amendment about which you inquire would have the effect of creating an additional step to that procedure. Balloting being of the very essence of modern elections, it would appear that the phrase the manner of their election contained in s. 166.021(4), F.S., is applicable to a charter provision regulating the procedure by which a candidate for election to municipal office may have his name placed on the ballot. Cf. Fowler v. Adams, 315 F. Supp. 592 (M.D.Fla., 1970), appeal dismissed, 400 U.S. 986 (1971), in which a three-judge court concluded that state statutes requiring payment of qualifying fees as a prerequisite to printing a candidate's name on the ballot constituted a regulation of the "Manner of holding Elections" within the meaning of Art. I, s. 4, Cl. 1, of the Federal Constitution. Accordingly, the City Commission of the City of Moore Haven may make no change in a provision of the charter of that city which would affect the method established therein for a candidate for election to municipal office to have his name placed on the ballot without referendum approval as provided in s.166.031, id. Your question is answered in the negative.